FILED
2022 Apr-25  PM 01:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| RONALD WAYNE LYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21-cv-00665-RDP-NAD |
| | ) | |
| FAYETTE COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On May 12, 2021, Plaintiff Ronald Wayne Lynn filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). On November 15, 2021, the Magistrate Judge entered a Report and Recommendation recommending that the court dismiss this action without prejudice for failure to prosecute and to comply with court orders. (Doc. 13).

## BACKGROUND

Plaintiff Lynn filed this action on May 12, 2021, pursuant to 42 U.S.C. § 1983. (Doc. 1). On May 13, 2021, the Magistrate Judge ordered Lynn to file an amended complaint naming a defendant subject to suit and to file a corrected application to proceed *in forma pauperis*. (Doc. 3). Although Lynn responded to that order, and notified the court that he had been transferred from the Fayette County Jail to the Draper Correctional Facility (Doc. 4; Doc. 5), he failed to cure the deficiencies identified in that May 13, 2021 order.

On June 4, 2021, the Magistrate Judge again ordered Lynn to correct his deficient pleadings. (Doc. 6). Both the May 13, 2021 order and the June 4, 2021 order warned Lynn that failure to comply with the court's instructions could result in the dismissal of this action. (Docs. 3, 6).

Lynn then filed sick call requests directed to the Alabama Department of Corrections, but he again failed to comply with the court's instructions.  (Doc. 7).

On June 16, 2021, the Magistrate Judge located Lynn at the Alexander City Work Release, directed the Clerk to update Lynn's address, and to provide Lynn with a copy of the prior orders. (Doc. 8).  That June 16, 2021 order also allowed Lynn an additional 21 days to comply with the court's instructions.  (Doc. 8).  Lynn then filed an inquiry with the court as to whether his claims remained pending, but again failed to correct his deficient pleadings.  (Doc. 9).

On August 19, 2021, acting out of an abundance of caution, the Magistrate Judge provided Lynn with a final opportunity to correct his pleadings.  (Doc. 11).  The Magistrate Judge directed the Clerk to provide Lynn with the prior orders, a new application to proceed *in forma pauperis*, and two blank *pro se* prisoner complaint forms.  (Doc. 11).  That order again warned Lynn that failure to comply with the court's instructions could result in the dismissal of his action.  (Doc. 11).

On October 1, 2021, the Magistrate Judge noted that Lynn had been transferred from the Alexander City Work Release to the Kilby Correctional Facility, and directed the Clerk to update the docket sheet accordingly.  (Doc. 12).

On November 15, 2021, the Magistrate Judge entered a Report and Recommendation, recommending that the court dismiss this action based on Lynn's repeated failures to comply with the court's instructions.  (Doc. 13).  The Magistrate Judge notified Lynn of his right to file objections within 14 days.  (Doc. 13).

On November 24, 2021, the court received a document from Lynn, which stated that he did not understand why the court had not received his prior filings and that he objected to the dismissal of this action.  (Doc. 14).  However, at no time has Lynn filed an amended complaint

naming a defendant subject to suit or submitted an appropriate application to proceed *in forma pauperis*, despite having been provided **four** opportunities to do so, along with the forms to do so. (Docs. 3, 6, 8, and 11).  Rather than comply with the court's instructions, Lynn filed a series of non-responsive pleadings about matters unrelated to his original complaint, and Lynn has not filed anything since November 24, 2021 (Doc. 14).

### DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."  *Foudy v. Indian River County Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also id.* at 1125 (noting that, "whether or not the district court's dismissals were appropriate in the first instance, the [plaintiffs'] subsequent failure to obey court orders warranted closure of each case"); *Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (holding that a district court may dismiss a lawsuit *sua sponte* for failure to comply with a court order).

The court's power to dismiss an action for repeated failures to comply with court orders is particularly broad in cases filed *in forma pauperis*.  *Barnes v. Federal Communications Commission*, 824 F. App'x 745, 748 (11th Cir. 2020) (citing *Moreland v. Wharton*, 899 F.2d 1168, 1169 (11th Cir. 1990)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Here, Plaintiff Lynn has been provided four opportunities to file an amended complaint and to submit an application to proceed *in forma pauperis* that includes a verified statement of his prisoner account.  (Docs. 3, 6, 8, and 11).  Lynn has failed to do so, despite repeated warnings that the failure to comply could constitute grounds for dismissal of this action.  (*See* Docs. 3, 6, 8, 11). On this basis and case record, dismissal is appropriate.  *See Duong Thanh Ho v. Constell*, 757 F.

App'x 912, 914-15 (11th Cir. 2018) (holding that, where court orders clearly instructed the plaintiff what to do and what was expected of him, but the plaintiff failed to comply with those orders, *sua sponte* dismissal of the plaintiff's complaint was reasonable).

## CONCLUSION

Having carefully reviewed and considered *de novo* the materials in the court file, including the Report and Recommendation and Plaintiff's objections, the court **OVERRULES** Plaintiff's objections, and **ADOPTS** the Magistrate Judge's report and **ACCEPTS** his recommendation.  The court shall dismiss this action with prejudice based on Plaintiff's failure to comply with court repeated instructions.

The court shall enter a separate final judgment.

**DONE** and **ORDERED** this April 25, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE